Ruffin, C. J.
 

 The plaintiff lost the legal profit, which might have been made on her money, by the payment to a person unauthorized to receive it, who used and wasted it. The defendant is, therefore, clearly liable for both principal and interest, although he had the benefit of neither : for both stand on the same footing. The defendant says, indeed, that lie lias been always willing and ready to pay the principal; but wo cannot understand that to mean that lie lias actually kept that sum by him, as the plaintiff’s money, making no use of it — for, if so, he would have stated the facts with precision. On the contrary, the answer is taken only to admit the defendant’s liability for the sum, and to say, that he at no time meant to resist the demand; and, consequently, the defendant cannot be supposed to have, in the mean while, lost the use of the money, which he is now called on to pay.
 

 But, admitting the defendant’s liability to tbe whole extent, the Court holds his objection to the remedy, here attempted, to be good. This is not the proper subject of equitable jurisdiction upon a bill. The plaintiff’s right is not an equity, but it is in its nature legal — being merely
 
 *35
 

 the
 
 right to a sum of money paid into the office for her use. That the defendant is an officer of the Court does not change the jurisdiction, so as to make the matter cognizable by suit commenced by bill. The Court of Equity would have given the plaintiff' summary and complete relief upon her petition in the original cause, or on ker motion, and a rule on the Gierk and Master, to be enforced by attachment; or she might have instituted an action at law, against the defendant and his sureties on hi* official bond. But there is no ground, on which a bill can be sustained, without authorizing this remedy against every Clerk or Sheriff who misapplies or fails to pay money received in Ms office for another. Therefore, the , bill must be dismissed at the costs of the next friend* without prejudice to any other remedy the plaintiff may have in the premises.
 

 Per Curiam.
 

 Decree accordingly.